## McCann et al. *v.* Trustees of Mt. Gilead Cemetery et al.

[No. 20,775.  Filed May 29, 1906.]

1. RAILROADS. — *Condemnation.—Cemeteries.—Statutes.—Injunction.*—Under §§4708d-4708f Burns 1901, Acts 1899, p. 15, railroad companies may be enjoined from building railroads through grounds held, used or occupied as a cemetery, whether the specific route has been used for burial or not, and regardless of who holds the legal title thereto.  p. 574.

2. INJUNCTION.—*Temporary.—Dissolution.—Appeal and Error.*—Where the facts alleged show that there is probable cause for the interposition of a court of equity, the Supreme Court will not reverse a temporary restraining order granted by the trial court.  p. 576.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Suit by the Trustees of Mt. Gilead Cemetery and another against Patrick McCann and others.  From an interlocu-

tory order granting a temporary restraining order, defendants appeal. *Affirmed.*

*Duncan & Batman,* for appellants.

*Miers & Corr,* for appellees.

MONKS, J.—This suit was brought by appellees under the act of 1899 (Acts 1899, p. 15, §§4708d-4708f Burns 1901) to enjoin the Indianapolis Southern Railway and its coäppellants from constructing a railroad on certain real estate alleged to be "held, used and occupied as a cemetery and for cemetery purposes." A temporary injunction was granted by the judge in vacation. Afterwards appellants filed a motion to dissolve the same, which was overruled, from which action of the court this appeal was taken. It appears from the affidavits read in evidence that there has been in existence for more than forty years a cemetery known as Mt. Gilead cemetery, and that "236 persons had been buried" therein. Tombstones had been erected and walks made and the cemetery used during said forty years as a neighborhood burying ground. The same lies immediately east of Mt. Gilead church. On March 11, 1902, William L. Adams, William Galyan and George Welch, claiming to act as trustees of said Mt. Gilead cemetery, by virtue of being elected as such by the members of said church and relatives of those buried in said cemetery, as such trustees purchased of Jasper Meyers one acre of land lying immediately east of and adjoining said Mt. Gilead cemetery, being the land in controversy, over which appellants are about to and will construct said railroad if said temporary injunction is dissolved, and on the same day took a warranty deed therefor. By mutual mistake of said parties the descriptive part of said deed did not describe the land purchased by said trustees, but land in another quarter of the same section. In 1905 said Meyers executed a deed to said trustees correcting said mistake, and said railroad company had full knowledge of said

facts long prior to the location of its said road and right of way therefor. Said Adams, Galyan and Welch hold and have held the real estate for cemetery purposes since its purchase in March 1902. There are twelve or fifteen graves and monuments on the west part of said one acre of land so purchased from Meyers, adjacent to the old part of said cemetery. Said appellants are about to and will, unless enjoined, construct a railroad on and over the east part of said one acre of land so purchased from Meyers, but not on or over the part thereof where said twelve or fifteen graves are located.

The act of 1899, *supra,* is as follows: "Section 1. That no person or corporation shall locate or construct a railroad on any real estate held, used or occupied as a cemetery. Section 2. Any person or corporation shall be perpetually enjoined from locating or constructing a railroad on any ground held, used or occupied as a cemetery, or held for cemetery purposes, upon complaint of any person. Section 3. Any person or corporation violating the provisions of this act shall be fined not less than $50 nor more than $500." It is evident that since the taking effect of said act the construction of a railroad on any real estate held, used or occupied as a cemetery or for cemetery purposes is unlawful and can be enjoined under section two of said act. *Egypt Street* (1854), 2 Grant's Cas. (Pa.) 455; *Brown* v. *Lutheran Church* (1854), 23 Pa. St. 495. This protects not only that part of the cemetery where there are graves but the part intended for burials in the future, and includes all reasonable additions to an existing cemetery, even though a part thereof is not occupied by graves, but is held for cemetery purposes. A cemetery is defined by 5 Am. and Eng. Ency. Law (2d ed.), 781, 782, to be "a place or area of ground set apart for the burial of the dead, and includes not only lots for depositing the bodies of the dead, but also such avenues, walks, and grounds as may be necessary for its use or for ornamental purposes."

Some question is raised by appellants as to who holds the legal title to said real estate, but under the statute this is immaterial if it is land held, used or occupied as a cemetery or for cemetery purposes. There was evidence showing that the one acre of ground was purchased in 1902 as an addition to Mt. Gilead Cemetery, and has been held by said Adams, Galyan and Welch since that date for cemetery purposes. Whether they held the absolute title to said real estate or held the same in trust, is, as we have said, immaterial.

Under the rule applicable to granting temporary injunctions and to overruling a motion to dissolve the same, it is evident the court did not err in overruling said

2. motion. *Gagnon* v. *French Lick Springs Hotel Co.* (1904), 163 Ind. 687, 690, 68 L. R. A. 175, and cases cited; *Home, etc., Power Co.* v. *Globe Tissue Paper Co.* (1897), 146 Ind. 673, 679.

The temporary injunction is therefore affirmed.