## CLEVELAND CEMETERY ASSN v CUYAHOGA CO COMRS etc

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided June 24, 1929

Messrs. Maurer & Bolton, Cleveland, for Cemetery Assn.

Messrs. Ray T. Miller, Esq., & E. J. Hopple, Esq., Cleveland, for Cuyahoga Co Comrs.

ALLREAD, J.

Section **10,093 GC** provides:

"A company or association incorporated for cemetery purposes may appropriate or otherwise acquire and may hold, not exceeding six hundred and forty acres of land; * * * all of which shall be exempt from execution and from being appropriated for any other public purpose."

There is no question about the necessity for the use of a part at least of this land for cemetery purposes. The cemetery was originally located upon six acres of land with an easement for access to Detroit Street. To this there has been added, by several deeds, other small tracts. All of these lands were owned or held by the Cemetery Association prior to the time when the petition was filed in the Insolvency Court by the defendants for the appropriation of the right of way.

We are clear, both from the statute and from the decision of the Supreme Court in the case of **Board of Education of Akron vs. the Proprietors of Akron Rural Cemetery, 110 OS. 430,** that this court has the right to entertain an action to enjoin the appropriation by the Board of County Commissioners, for the purposes aforesaid.

The defendants contend:

First: That there was no plat put on record or proper dedication of this land for cemetery purposes.

Second: That the proposed easement is not a taking of lands under **10,093 GC.**

Third: The proposed easement would not destroy the prior use, or materially interfere with it.

Taking up these propositions in the order named, we are of the opinion that the plaintiff's rights are not dependent upon whether a plat of the lands was put on record or a proper dedication thereof was made, for the reason that the secition of the statute, to-wit, 10,093, precedes the section which makes it the duty of the Cemetery Association to file its plat with the County Recorder. In other words, the filing of the plat is subsequent to the incorporation of the company and the acquisition of the title. We are, therefore, of the opinion that the Association has a right to protect its land against other appropriations from the time of the acquisition thereof.

With reference to the second and third objections, we are of the opinion that the proposed easement sought to be acquired by the defendants is a taking of lands within the meaning of **Section 10,093 GC,** and that such proposed easement would in some degree destroy the use of the cemetery association, or at least materially interfere with the use by the association and the lot owners.

It is also urged that during the last two or three years the drainage down the ravine over the cemetery lands is impregnated or polluted with sewage coming from the sewer system in the upper lands or at least from other sources. We think this gives no right to the defendants to appropriate a right of way along the ravine for the purpose of furnishing a permanent outlet for the sewers in question. It is true that the outlet as proposed would be covered over, and the only openings would be the manholes along the line. Nevertheless such construction would, to a certain extent, interfere with the sale of lots by the Cemetery Association and would also interfere with the use of lots already sold.

The decree must, therefore, be in favor of the plaintiff and an injunction will be

Decree accordingly.

Kunkle and Hornbeck, JJ, concur.