WOODWARD *v.* GRAY.

178

(Decided January 23, 1933.)

*Messrs. Dolle, O'Donnell & Cash,* for plaintiff in error.

*Mr. August A. Rendigs, Jr.,* for defendant in error.

Ross, P. J.   This is a proceeding in error from the court of common pleas of Hamilton county, Ohio, wherein judgment was rendered for the defendant, Ralph R. Gray.

The plaintiff in error, May Woodward, accompanied by a Mr. Mobley, on the 10th of June, 1930, at about 8:30 p. m., was walking northwardly on the west side of Central Parkway, in the city of Cincinnati, Ohio. Immediately preceding them, walking on the sidewalk, were Mrs. Mobley and the two small children of the plaintiff in error.   At some point south of Elder street, Mrs. Mobley and the children crossed to the east side of Central Parkway, a thoroughfare sixty feet in width at that point.   The youngest child, about two and a half years old, whom Mrs. Mobley had been carrying in her arms, was placed upon the sidewalk, and while its clothes were being arranged, suddenly turned and darted back, westwardly across Central Parkway. Mrs. Mobley followed it.   The mother of the child, plaintiff in error, at the same time ran toward it from the west side of the street.   Just immediately prior to this the traffic lights at Liberty street, one square south of Elder street, turned green, and the defendant in error, who, with other automobile drivers, had been

waiting for the signal, started his automobile northwardly on Central Parkway. He held a position, just east of the center of the street. As his car moved forward he saw the child run out from his right—from the east curb of Central Parkway—and closely observing it, while slackening his speed, he swerved to the left and west and collided with the plaintiff in error, who was rushing to the assistance of her child from the left, or west side of Central Parkway. The plaintiff in error was knocked down and severely injured. The defendant in error stopped his car almost instantly, in fact so sharply that an automobile following it in the rear almost collided with it, and only averted this by sharply swerving to the right, thus placing the child directly in the path of this automobile. The driver stated that he thought he had run down the child, although in reality it was only hidden from his view by the front portion of his automobile.

The jury returned a verdict for the defendant in error. There was ample evidence to warrant them in doing so.

The first complaint of plaintiff in error involves the giving of charge No. 5, at the request of defendant in error. It is as follows: ''I charge you that if you find from the evidence in this case that the injury to the plaintiff, May Woodward, was accidental and happened without fault on the part of the defendant, then the plaintiff cannot recover, and your verdict must be for the defendant.''

The chief objection is to the use of the word ''accidental.'' While we do not approve the use of this word, taking the entire charge a correct rule of law is stated, for in order that the verdict of the jury should be for the defendant in error it was necessary whatever else they found that they should find that the ''injury to the plaintiff'' ''happened without fault on the part of the defendant'' in the court below. The use of the word ''and'' makes such construction of

the charge necessary. The giving of this charge, therefore, did not constitute prejudicial error.

It is also contended that the court erred in giving charge No. 6, at the request of defendant in error:

"I charge you that where one without fault of his own, is placed in a position of great mental stress or sudden emergency, the same degree of judgment and care is not required of him as is required of one who is acting under normal conditions. The test to be applied is whether or not the person in such a position of great mental stress or sudden emergency, did, or attempted to do, what a reasonably prudent person would have done under the same or similar circumstances.

"If, therefore, you find from the evidence in this case that the defendant without fault of his own, was placed in a position of great mental stress or sudden emergency, and that while in such position he did or attempted to do what any reasonably prudent person would have done under the same or similar circumstances, then he was not negligent."

It is our opinion that this charge is applicable to the facts in this case, that it was not misleading, and states a correct principle of law. The correct test is applied as to whether the defendant in error did what a reasonably prudent person would have done "under the same or similar circumstances."

We come to the second proposition in the brief of plaintiff in error, which we have purposely taken out of order, having previously disposed of the last proposition affecting the weight of the evidence. The following language of the general charge is criticized:

"Now in this case the burden of proof is upon the plaintiff. The plaintiff, in order to prevail, is required to prove her case by a preponderance of evidence."

"To hold the defendant responsible in damages for any injury plaintiff sustained at that time, it must be shown by the preponderance of the evidence—

"1. That the child was in danger of being injured by the automobile of the defendant as it was traveling on the street, and that such danger to said child was caused or created by the negligence of the defendant;

"2. That in making the effort to rescue the child the plaintiff was not guilty of contributory negligence as that will be defined."

The court later in the charge stated: "These are the questions of fact which it will be your duty to determine from the evidence. If you find that the child was exposed to peril such as referred to, and that such being exposed to peril was caused by the negligent act of the defendant, you will then inquire whether the plaintiff, in attempting to cross the street to rescue the child, was guilty of contributory negligence. The law will not impute negligence to an effort to preserve human life, unless made under such circumstances as to constitute rashness in the judgment of prudent persons. If the plaintiff believed, and had good cause to believe, that she could save the life of the child without serious injury to herself, the law will not impute to her blame for making the effort."

No request was made by plaintiff in error for further statement upon the duty of defendant in error as to the burden of proving contributory negligence.

The court further stated in the general charge: "Negligence must be proved by the evidence. It is not to be inferred, because there was an accident, that there was negligence, or that the plaintiff is entitled to recover. The law presumes at the outset that there was no negligence, and that presumption continues until overcome by evidence to the contrary."

The court should have charged definitely that the duty of proving contributory negligence was upon the defendant in error, and that he was entitled to the benefit of all the evidence in the case in carrying this burden. The effect of the specific part of the charge

criticized is to place upon the plaintiff in error the duty of negativing contributory negligence on her part.

It is urged that where the plaintiff jeopardizes her person or life, even to save her child, she assumes this burden. We consider no such exception to exist. The court erroneously placed this burden upon the plaintiff in error.

Taking the other sections of the charge quoted, we also consider that the effect of this error was somewhat lessened, but the error remains, and were it not for the fact that we have found no error prejudicial to the plaintiff in error in the issue of negligence, we should be compelled to reverse the judgment for prejudicial error on the issue of contributory negligence.

The rule, however, is too well settled that where a case presents issues both of negligence and contributory negligence, and error intervenes in only one of these, a verdict for the defendant will not be disturbed. This case peculiarly illustrates the efficacy of this rule, in that the evidence justified the jury in finding the defendant in error not guilty of negligence.

Finding, therefore, the issue of negligence of the defendant in error free from error prejudicial to the plaintiff in error, we affirm the judgment of the court of common pleas.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.

(Decided March 20, 1933.)

ON APPLICATION for rehearing.

HAMILTON, P. J. In the application for rehearing in this cause, the court's attention is called to the following in the general charge of the trial court:

"To hold the defendant responsible in damages for any injury plaintiff sustained at that time it must be shown by the preponderance of the evidence:

"That the child was in danger of being injured by the automobile of the defendant as it was traveling on the street, and that such danger to said child was caused or created by the negligence of the defendant."

Again, in the charge, the court states: "If you find that the child was exposed to peril such as referred to, and that such being exposed to peril was caused by the negligent act of the defendant * * *."

It was not claimed that the peril to which the child was exposed was caused by the defendant, and it was not necessary that the peril be caused by the negligent act of the defendant to justify the attempt by the plaintiff to rescue the child from the danger.

If the jury in considering the case should read this charge, it would need go no farther in finding the defendant not responsible in damages.

This proposition was not argued at the original hearing of the case. We have concluded that the point is of vital importance and cannot be passed under the two issue rule. The application for a rehearing will, therefore, be granted.

The case may be reargued on Thursday, March 30, 1933.

CUSHING and ROSS, JJ., concur.

(Decided April 24, 1933.)

ON REHEARING.

ROSS, J. This matter is presented upon rehearing granted by this court upon application therefor based upon error in the following instructions:

"To hold the defendant responsible in damages for any injury plaintiff sustained at that time, it must be shown by the preponderance of the evidence—

"1. That the child was in danger of being injured by the automobile of the defendant as it was traveling on the street, and that such danger to said child was

caused or created by the negligence of the defendant;

"2. That in making the effort to rescue the child the plaintiff was not guilty of contributory negligence as that will be defined.

"These are the questions of fact which it will be your duty to determine from the evidence. If you find that the child was exposed to peril such as referred to, and that such being exposed to peril was caused by the negligent act of the defendant, you will then inquire whether the plaintiff, in attempting to cross the street to rescue the child, was guilty of contributory negligence. The law will not impute negligence to an effort to preserve human life, unless made under such circumstances as to constitute rashness in the judgment of prudent persons. If the plaintiff believed, and had good cause to believe, that she could save the life of the child without serious injury to herself, the law will not impute to her blame for making the effort."

There being no evidence that the defendant had placed the child in danger through his negligence, only one verdict could logically result.

It is claimed that this charge, in requiring the plaintiff to show that peril to the child was created by the negligence of the defendant, correctly states the law, approved by the weight of authority.

The text of 20 Ruling Case Law, page 132, Section 109, is a fair example of the statement of the law urged upon us as applicable to the case at bar.

We quote that section: "To justify a recovery for injuries received in an attempt to rescue another from a position of peril, it must be made to appear that the perilous situation of the person attempted to be rescued was produced by the act of the defendant. Thus, where the injuries complained of appear to have been sustained in an attempt to rescue another from an approaching train, it must be further shown that the railroad company was negligent in so operating the

train as to imperil the person attempted to be rescued. Hence, there can be no recovery where a woman is struck by a passing freight train while she is standing on the railroad track in front of the train, waving to the engineer to stop, in order to prevent an accident to her mother, who, knowing that the train is approaching, is walking towards the track with the evident purpose of crossing it, and who, without looking to see how near the train is, steps on the track immediately in front of the locomotive and is killed. It has been asserted, however, in a number of cases that contributory negligence on the part of the person attempted to be rescued will not defeat a recovery. But no recovery should be allowed where it appears that the perilous situation was due to the fault of the rescuer, or was produced by the act of the person rescued. In other words, a person who places himself in peril is not guilty of negligence toward another which entitles the latter to recover for injury suffered in attempting to rescue him from his peril.''

In the cases cited in support of this rule no agency was involved except that under the control of the party sought to be charged with responsibility for the injury to the rescuer.

This is true in *Pennsylvania Co.* v. *Langendorf,* 48 Ohio St., 316, 28 N. E., 172, 13 L. R. A., 190, 29 Am. St. Rep., 553, and *Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Lynch,* 69 Ohio St., 123, 68 N. E., 703, 63 L. R. A., 504, 100 Am. St. Rep., 658. Both of these were railroad cases and no other agency was involved other than the defendant railroad.

If, in the instant case, the street had been wholly unoccupied by other agencies which might have constituted a menace to the child, the charge would have been in conformity to the Ohio cases mentioned, because the defendant could only be involved.

It has been said that the negligence causing the peril must be the only proximate cause.

This wholly ignores the fact that negligence directed against the rescuer may be an intervening cause, without which the negligence of another would not have caused injuries to the rescuer.

Let us consider an entirely neutral cause as the agency creating the peril. Suppose a child is placed in danger upon a thoroughfare by reason of a large stone rolling down a hillside toward it. A mother rushes across the road to its rescue. She is injured by the negligence of the defendant. Will the rule contended for exclude the defendant from responsibility for his negligence toward her, simply because he was not responsible for the peril to her child? Such a conclusion seems hardly warranted either by cold reason or a desire to do substantial justice.

We have been cited to no authority in which the peril was caused by an outside agency, or the negligence of a third person, and in which the negligence of the defendant caused the injuries to the rescuer, where the rule contended for has been made applicable; nor are we able to find any controlling authority to this effect. The cases cited are those involving simply the acts of the defendant as affecting the safety of the one in peril.

Until we are presented with binding authority, we prefer to follow the dictates of reason and justice in holding that it is not necessary, in order to create liability, that the negligence of the defendant must have caused the peril to the one sought to be rescued.

If the peril was such as to justify an ordinarily prudent person in taking the risk, regardless of the origin of the peril, the defendant must answer for his negligence directly causing injuries to the rescuer.

This requires, however, that there must have been, upon the part of the defendant, a failure to use the care which a reasonably prudent person would have used to prevent injury to the rescuer, and, on the other hand, that the rescuer did use the care which a rea-

sonably prudent person would use in face of the emergency presented to her.

We think the Supreme Court did not intend the cases noted to apply to such a case as is here involved, and we are firm in not extending their language in a manner which will be unreasonable and unjust.

We are now met with the contention of the defendant in error that the plaintiff in the trial court adopted a definite theory of the case which she has only abandoned in this court by attacking a charge which was in entire conformity to special charges presented by her and given by the trial court.

Reference to the record shows that the plaintiff below was evidently under the impression that the *Langendorf case, supra,* was applicable, and her cross-examination and entire attitude during the trial were calculated to mislead the court, as he himself evidently was misled. Can she claim prejudicial error in securing, both in special and general charges, a rule of law which in a court of error she first determines to be erroneous?

We indorse the rule as laid down in 2 Ohio Jurisprudence, 640, 642, Section 593: "Invited Error. A plaintiff in error cannot attack a judgment for errors committed by himself, nor for errors which he induced the court to commit, or into which he either intentionally or unintentionally misled the court and for which he is actively responsible. Under this principle a party cannot complain of any action taken or ruling made by the court in accordance with his own suggestion or request. * * * The rule as to invited error finds frequent application in questions relating to instructions. Thus, a party will not be heard to allege error in an instruction given at his own request or in one which is substantially in accordance with or similar to one requested by him, whether given in the general charge or at the request of the other party."

This leads us to the determination that we must

adhere to the conclusion reached upon the first hearing of this cause, since, while error intervened on the issue of contributory negligence, there is no error in the charge upon the issue of negligence of which the plaintiff in error can now take advantage.

The judgment will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.