### BAILEY et v PRICKETT

Ohio Appeals, 1st Dist, Hamilton Co

No 4279. Decided March 20, 1933

Arthur Wood, Cincinnati, for plaintiffs in error.

Baker & Stockmeier, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

The only error requiring consideration, presented by the record, is the weight of the evidence.

The plaintiff testified that he was going to school on skates and, "That is all I know." This is not strange, since his skull was crushed and some of the tissues of the brain covering exuded.

Robert Richen, a boy fifteen years of age, gave an account of the happening. He states:

"I was about twenty or thirty feet from where it happened and I was going to school, and Melvin was coming up the street on his skates and when he got to where this dog was this dog just sort of run out and leaped at Melvin and Melvin tried to get away and he run out into the street on his skates and this car was coming along and he run right into the side of the car coming up the street, which knocked him down."

He testified it happened in front of the residence of Mr. Bailey.

It is not denied that the defendants owned and, or harbored the dog.

The defendants introduced some witnesses that they did not see the dog, but did see the boy go out into the street on his skates. The dog in question and another dog were seen in the yard immediately after the accident.

It was for the jury to believe the evidence given by the witness Robert Richen. If it did so, the plaintiff was entitled to recover. If the jury believed the defense witness that the boy skated out into the street without being interfered with by the dog, it would have found for the defendants.

Enough has been said to show it was purely a question of fact for the jury and depended on the credibility to be given to the witnesses before it.

We find no prejudicial error in the record, and the judgment is affirmed.

CUSHING and ROSS, JJ, concur.