**KNOBLAUCH v COUFAL**

Municipal Court of Cleveland

No. 906258. Decided May 24, 1940

Davies & Eshner, A. H. Johnson and W. A. Wilkinson of Cleveland, for plaintiff.

J. Albert Lowell, of Cleveland, for defendant.

## OPINION

By McDERMOTT, J.

The families of the parties herein lived side by side as neighbors in ·a closely builtup residential section on the east side of Cleveland, their back yards adjoining. The defendant was the owner of a pedigreed Scotch-Terrior dog of a vicious nature, which fact was known to said defendant because of attacks.it had made prior to this upon the mailman, a young neighbor and upon the defendant himself. In spite of this knowledge on his part, defendant continued to harbor said dog, securing it during the daytime on a leash attached to a wire which ran from the back of defendant's house at an angle to the end of his rear yard where said wire was attached. The evidence was that because of the length of the leash and the play in the wire, the dog could move in a wide sphere from side to side in the yard.

At the boundary line of the properties of the parties herein stood a fairly high hedge, closely grown so that it prevented egress from one yard to the other.

About noon on the 27th day of September, 1937, the small son of the plaintiff and four year old Norman Hon, also a neighborhood boy, while playing caused their toy airplanes to fly over into the yard of the defendant. The Hon boy went around to the front of defendant's house because of the aforesaid hedge and came around into defendant's back yard to retrieve his toy. Thereupon defendant's dog set upon the youngster, knocking him down, and while standing over and straddling him, attacked said child at the head region, inflicting serious and dangerous lacerations and injuries thereon.

Plaintiff was attracted by the screams of the children and, coming out of her back door, saw the dog on top of the aforesaid child attacking him, the only· part of said child's body visible to her at that time being his feet swinging in the air.

Plaintiff immediately crawled over the aforesaid hedge into defendant's yard, grabbed the child's overalls, pulling him from under the dog, made a quick turn with him in her arms towards the hedge away from said dog and then or immediately thereafter in getting over the hedge twisted her an-

kle and fell to the ground, sustaining severe and painful injuries. for which damages are sought here.

The evidence further shows that the dog whose attention then was taken by the approach of the injured boy's mother did not physically at any time attack this plaintiff nor that he did or did not follow after this plaintiff who was attempting to retreat with the injured child.

In Ohio the law is well settled that an action for injuries caused by a vicious dog may be brought ▌ against the owner or harborer of same either under the common law theory or under the statute.

Under §5838 GC, an absolute liability is imposed upon the owner or harborer of a dog ▌ and scienter, fault, negligence or contributory negligence are not involved in a proceeding thereunder and all of the recent cases in Ohio follow this rule. **Dragonette v Brandes, 135 Oh St 223, 14 OO 61, 20 NE (2nd) 367;** see also **135 Oh St 12, 13 OO 236, 18 NE (2d.) 496; Siegfried v Everhart, 55 Oh Ap 351, 9 OO 85, 9 NE (2d.) 891.**

The elements necessary to establish liability are the ownership of the dog and the injury sustained because of the dog. ▌ And liability under the statute does not depend upon whether the dog acts mischievously or viciously or upon the negligence of the owner or harborer. **Bevin v Griffith, 44 Oh Ap 95; 184 NE 401.**

**Silverglade v Von Rohr, 107 Oh St 79.** The necessary elements to establish liability are as to questions of ownership and injury sustained.

In the above case, in the third paragraph, on page 79, the court said, "Applying that doctrine to the instant case it was only necessary for plaintiff to prove that defendant was owner of dog, that the dog chased or worried plaintiff, that as a proximate result of such chasing or worrying, plaintiff was injured and the extent of the injury sustained."

The following cases and citations also state the rule under this general theory of law in Ohio and the case of **Kingsley v Yocum, 34 Oh Ap 226,** goes so far as to say that the owner of a dog may be liable to a certain trespasser who enters upon his property without authority and where there is displayed a sign warning of cross dog. **1 O. J. P., pages 1024 to 1032, inclusive; Kleybolte v Buffon, 89 Oh St 61; Bailey v Prickett, 15 Abs 336; Roettiger, Admr. v Graser et, 42 Oh Ap 452.**

In the instant case, the plaintiff was a rescuer acting in an emergency under conditions heretofore described.

The case of **Lisk, Admr. v Hora, 109 Oh St 519,** correctly states the law that follows under these circumstances in Ohio and therein, in the last two paragraphs on page 522 and continuing at the top of page 523, the court in proper language states the law to be as outlined in the previous cases mentioned in this memorandum and further goes on to say that the owner is liable regardless of his conduct in the keeping of the dog. Under the statute, the conduct of his property renders him liable and his own negligence in the matter is wholly immaterial. His liability necessarily arises from the doing of a wrongful act and it does not matter whether the "wrongful act" consists in being the owner or harborer of a dog which injures a person or is the action of the dog for which the owner by express provision of this statute is made liable. The statute recognizes such injury as the result of a "wrongful act" when it creates the liability against an owner in favor of a person damaged.

Further following the case of **Woodward v Gray, 46 Oh Ap 177, 188 NE 304,** directly suits the theory stressed by

plaintiff's counsel herein. Syllabus 6 therein says:

"Where peril involved in attempting to rescue another is such as to justify ordinarily prudent person in taking the risk, one injuring rescuer through failure to use care which ordinarily prudent person would have used is liable regardless of whether his negligence had imperiled one sought to be rescued."

The theory stressed in that case and not objected to by the court and further described in 20 Ruling Case Law, p. 132, §109, as outlined on page 184 of said opinion, quotes the law thusly: "To justify a recovery for injuries received in an attempt to rescue another from a position of peril, it must be made to apear that the perilous situation of the person attempted to be rescued was produced by the act of the defendant."

Justice Cardozo, in Wagner v Int. Ry. Co., 133 NE 437, Court of Appeals of New York, said in syllabus 1 therein:

"A wrongdoer imperiling life is accountable for injury to the rescuer if the risk of rescue be not wanton, though the coming of a rescuer may not have been foreseen."

Syllabus 2:

"To make a wrongdoer imperiling life liable for injury to a rescuer it is enough that the rescuer's act, whether impulsive or deliberate, is the child of the occasion, and continuity between the wrong and the effort of the rescuer is not broken by the exercise of volition on his part."

Further therein he says:

"Danger invites rescue. The cry of distress is the summons to relief. The law does not ignore these reactions of the mind in tracing conduct to its consequences. It recognizes them as normal. It places their effects within the range of the natural and probable. The wrong that imperils life is a wrong to the imperiled victim; it is a wrong also to his rescuer."

In conclusion the petition of the plaintiff herein states correctly a cause of action either at common law or under the statute. The evidence supports the theory of her claim for damages and following the sequence of the law as it applies from the aforesaid cases with the facts outlined heretofore. The defendant owned the dog; it was on his premises; no negligence will be imputed to the four year old child who was rescued from attack by the plaintiff who acted in an ordinarily prudent manner in the premises in an emergency and was within her rights in attempting to escape with the injured child from further attacks. being injured before the rescue was complete. The law as described should apply and does, and the defendant is liable to the plaintiff in damages therefor.