Zimmerman, J.
 

 Appellants base their rights of recovery solely on the ground “that whenever the sovereignty, or any of its instrumentalities, in the performance of governmental functions, appropriates private property for public use, that sovereignty or instrumentality must make compensation therefor,” citing Section 19, Article I of the Constitution of Ohio.
 

 “Eminent domain” is the power of the state, or an agency designated by the state, to take private property for a necessary public use, and its exercise depends upon the existence of a statute which either by express words or plain implication authorizes the employment of the power.
 
 Giesy
 
 v.
 
 Cincinnati, W. & Z. Rd. Co.,
 
 4 Ohio St., 308; 15 Ohio Jurisprudence, 701, Section 11
 
 et seq.
 

 
 *27
 
 Statutes delegating the power of eminent domain are to be strictly construed. 15 Ohio Jurisprudence, 704, Section 12. And when an appropriation of private property for public use is made by a governmental agent without authority, no compensation can be recovered from the government. 20 Corpus Juris, 646, Section 124.
 

 It has been held that “the taking of private property by an officer of the United States for public use, without being authorized, expressly or by necessary implication, to do so by some act of Congress, is not the act of the government.”
 
 Hooe
 
 v.
 
 United States,
 
 218 U. S., 322, 336, 54 L. Ed., 1055, 1060, 31 S. Ct., 85.
 

 Recognizing the necessity of a statute to support their position, appellants rely upon Section 12857, Gfeneral Code, which reads:
 

 “Whoever, when called upon by a sheriff, coroner, constable or other ministerial officer to assist in apprehending a person charged with, or convicted of, a criminal offense, or in securing such person when so apprehended, or in conveying him to prison, neglects or refuses so to do, shall be fined not more than fifty dollars.”
 

 Assuming the applicability of this statute to the facts of the present case, can it reasonably be said to do more than impose the duty upon an individual, when requested, to render personal services with the means at his command in assisting a peace officer to apprehend or subdue a suspected or convicted criminal? Under its wording, strictly construed, can the statute be regarded as delegating to a municipal police officer the power of eminent domain, so as to subject the municipality to liability on that basis for injury occurring to the property of one while helping the officer to make an arrest at the latter’s insistence?
 

 This court is of the opinion that the quoted section was not designed or intended as a measure covering the appropriation of private property for a public
 
 *28
 
 use, and may not be invoked by tbe appellants to compel tbe city of Cincinnati to pay for tbe harm done Blackman’s automobile when it collided with the truck.
 

 On moral grounds the city of Cincinnati could well experience the urge to reimburse appellants for their loss, but we find no legal basis upon which it can be forced to respond.
 

 The judgment of the Court of Appeals is accordingly affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner., Williams, Matthias and Hart, JJ., concur.
 

 Bettman, J., not participating.