Radcliff, J.
The major question of law presented is whether the Board of Education of Mansfield City School District has the power under the provisions of Section 3313.39, Revised Code, to appropriate for school purposes a portion of the real property owned by the appellant, all of which lies outside the school district.
The authority of the school district to purchase this property is unquestioned. Section 3313.37, Revised Code, provides:
“The board of education q| any school district, except a county school district, may build, enlarge, repair, and furnish *232 the necessary sehoolhouses, purchase or lease sites therefor, ®r rights of way thereto, or purchase or lease real estate to be used as playgrounds for children or rent suitable schoolrooms, either within or without the district, and provide the necessary apparatus and make all other necessary provisions for the schools under its control.”
Section 3313.37, Revised Code, has authorized a school board to purchase or lease real estate as sites for sehoolhouses or to be used as playgrounds for children either within or without the district, since the enactment of Senate Bill No. 43 by the Eighty-third General Assembly on April 4, 1919 (108 Ohio Laws, Pt. 1, 187). See Section 7620, General Code, in effect prior to April 4, 1919, which section became Section 4834-10, General Code, in the recodification of school laws in 1943 (120 Ohio Laws, 475, 521). Section 4834-10, General Code, is now Section 3313.37, Revised Code, without change.
Section 3313.39, Revised Code, authorizes a school board to appropriate real estate for school purposes and reads as follows :
“When it is necessary, in the opinion of any board of education, to procure or enlarge: (A) any site for a building to be used for public school purposes whether as classrooms, auditorium, or for technical training, .administrative, storage, or other educational purposes; (B) grounds to be used for agricultural purposes, athletic field, or playground for children; (C) any site for the purpose of erecting and maintaining buildings to be used as homes or houses for public school teachers when the cost of such erection has been contributed by private donations; (D) any site for the purpose of providing an outlet to dispose of sewage for a school building or grounds, and the board and the owner of the property needed for such purposes, are unable to agree upon the sale and purchase thereof, the board shall make an accurate plat and description of the parcel of land which it desires for such purposes, and file them with the probate judge, or the Court of Common Pleas, or a judge thereof in vacation, in the county in which the land sought to be taken is located. Thereupon the same proceedings of appropriation shall be had which are provided for the appropriation of private property by municipal corporations.”
*233 Section 3313.39, Revised Code, is former Section 4834-11, General Code, and in the 1943 codification the latter section followed immediately Section 4834-10, General Code (Section 3313.37, Revised Code). Section 3313.39, Revised Code, is without change other than editorial revision for form.
In the case of Board of Education of City of Akron v. Proprietors of Akron Rural Cemetery, 110 Ohio St., 430, this court considered the nature of Section 7624, General Code (now Section 3313.39, Revised Code).
The court held in the third paragraph of the syllabus, as follows:
“When power to make an appropriation is granted only in general terms, land exempt from appropriation cannot be taken under such general power. Power to take land exempted from appropriation must be expressly granted in order to authorize such appropriation.” See, also, Blackman v. City of Cincinnati, 140 Ohio St., 25, and McMechan v. Board of Education of Richland Township, 157 Ohio St., 241.
The contention of the appellant is founded essentially on the premise that the authority of the school board to appropriate real property for school purposes must be conferred by statute either in express terms or by necessary implication (19 Ohio Jurisprudence [2d], 417, Eminent Domain, Section 9), and further that the action by the General Assembly taken April 4, 1919, in amending Section 3313.37, Revised Code (then Section 7620, General Code, supra), by the addition thereto of the words, “either within or without the district,” thus granting a school board additional powers in the purchase or lease of real estate, without at the same time amending Section 3313.39, Revised Code (Section 7624, General Code), to give like authority to the school board which seeks to appropriate real property “without the district,” shows that the General Assembly did not intend to grant such authority to a school board.
The appellee claims that Sections 3313.37 and 3313.39, Revised Code, are in pari materia and must be construed together, and that the word, “purchase,” used in both sections, is to be used in the broad legal sense and covers the appropriation of real estate,
*234 The word, “purchase,” is used in other sections of Chapter 3313, Revised Code.
Section 3313.18, Revised Code, provides in part:
“Upon a motion to adopt a resolution authorizing the purchase or sale of real or personal property * * * the clerk of the board shall publicly call the roll of the members composing the board and enter on the records the names of those voting ‘aye’ and the names of those voting ‘no.’ ”
Section 3313.42, Revised Code (enacted in 1921 [109 Ohio Laws, 313] as Section 7620-1, General Code), authorizes a school district of this state and a school district of another state to maintain a school jointly. It provides in part as follows:
“When in the judgment of a board of education of any school district in this state, lying adjacent to a school district of another state, the best interests of the public schools can be promoted by purchasing school grounds, repairing or erecting a schoolhouse, and maintaining them jointly between the two adjacent school districts, the board of education of the school district of this state so situated may enter into an agreement with the school authorities of said adjacent school district for the purpose of purchasing school grounds, repairing or constructing a school building, purchasing school furniture, equipment, appliances, fuel, employing teachers, and maintaining a school.”
It would appear that the word, “purchase,” where used in Chapter 3313, Revised Code, is used in its popular but restricted sense of acquisition of property by voluntary agreement for a valuable consideration after negotiation with the owner. See 35 Words and Phrases, 481 et seq. The use of the word, “lease,” as the alternative to purchase connotes negotiation not appropriation. The General Assembly in delegating authority to exercise the right of eminent domain most frequently used the word, “appropriate” or “acquire,” e. g., Sections 719.02 and 5519.01, Revised Code, and in the latter statute specifically distinguished the words, “purchase” and “appropriate.”
In the case of Harden v. Superior Court of Alameda County (1955), 44 Cal. (2d), 630, the action arose as a proceeding to prohibit a city from condemning property outside its boundaries. The city made the claim that a statute gave it *235 authority to exercise its power of eminent domain outside its corporate limits. That statute provided in part: “The legislative body may purchase, lease or receive such personal property and real estate situated inside or outside the city limits as is necessary or proper for municipal purposes * * (Section 37351 of the Government Code shows that the subject of boundaries is extraneous to the exercise of the power of eminent domain.)
The Supreme Court of California held:
“A liberal construction of the word ‘purchase’ found in Section 37351 of the Government Code could, conceivably, lead to the conclusion that the city of Hayward had statutory authority to exercise its power of eminent domain outside its corporate limits. However, if we are to follow the rule of strict construction found in the case of City of Madera v. Black, supra, 181 Cal., 306, 312 (as heretofore set forth), we cannot say that the word ‘purchase’ expressly authorizes the city to take private property for off-street parking outside its boundaries by eminent domain proceedings. ’ ’
Saying what we have concerning the major question herein, we dispose of the other assignments of error by saying they are not well taken.
The judgment of the Court of Appeals is reversed, and the cause is remanded to that court for issuance of the injunction.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taft, Matthias and 0 ’Neill, JJ., concur.
Bell, J., not participating.
Radoliff, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.