JOHNSON, APPELLANT, *v.* PRESTON (MASHETER, SUCCESSOR), DIR. OF HIGHWAYS, APPELLEE.

[Cite as Johnson v. Preston, Dir., 1 Ohio App. 2d 62.]

(No. 329—Decided November 13, 1963.)

*Mr. Elmer C. Myers* and *Mr. Alfred H. Johnson,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. Harold B. Talbott, Mr. Dale E. Barnard* and *Mr. I. Charles Rhoads,* for appellee.

STEVENS, J. In this action in the Court of Common Pleas, the plaintiff sought the issuance of an injunction against the defendant to enjoin the defendant from appropriating certain described property of plaintiff allegedly needed for a rest area in the construction of Interstate Route No. 71.

The plaintiff alleged that, by reason of the provisions of Section 5529.02, Revised Code, the defendant is without authority to appropriate the land sought to be acquired; that the land described contains a valuable stand of growing timber which will be severed and destroyed unless defendant is enjoined from so doing; that plaintiff will thereby suffer great and irreparable loss and damage, for which she has no adequate remedy at law; that, because of defendant's lack of authority to appropriate said land, defendant has no authority to compen-

sate her therefor; and that, unless defendant is enjoined, she will be deprived of her property without compensation.

Plaintiff alleged further that there exists no opportunity to inquire into the right of defendant to appropriate said property except by this action; and that, unless defendant is enjoined from proceeding with the appropriation, she will be denied due process of law.

Defendant, for answer, admitted that the property described is being appropriated "for a rest area on a limited-access highway," and asserted that rest areas are required for the safety, convenience and welfare of the traveling public, and that, therefore, the maintenance of such rest areas is a proper exercise of the police power inherent in the state of Ohio.

Defendant denied that Section 5529.02, Revised Code, specifically prohibits the appropriation of said property for a rest area, denied that plaintiff will be deprived of her property without compensation and without due process of law, and further denied that plaintiff has the right or necessity to question the inherent right of eminent domain of the state of Ohio in this case.

Upon hearing, the cause was submitted on a stipulation of facts, which is incorporated in the conclusion of facts found by the trial court and filed herein. The trial court's conclusions of law are likewise incorporated in the record, and upon those conclusions the trial court denied the relief sought and dismissed plaintiff's petition.

An appeal on questions of law and fact was then duly filed by plaintiff.

The question presented may be stated as follows: Does the appellee, Director of Highways, possess constitutional or statutory authority to appropriate private property adjacent to a limited-access highway right of way for use as a *rest area*?

It is the opinion of the members of this court that Section 5529.02, Revised Code, is not applicable to the facts here presented, as the property sought to be appropriated is not for use as a roadside park.

The rules governing the exercise of the right of eminent domain have been variously stated by our Supreme Court.

"1. Eminent domain is the power of the state, or an agency designated by the state, to take private property for a necessary public use, and its exercise depends upon the existence of a

statute which either by express words or plain implication authorizes the employment of the power.

"2. Statutes delegating the power of eminent domain are to be strictly construed, and where an appropriation of private property for public use is made by a governmental agent without authority, no compensation can be recovered from the government." *Blackman* v. *City of Cincinnati*, 140 Ohio St., 25.

In *McMechan* v. *Board of Education*, 157 Ohio St., 241, the rule is stated thus:

"1. Statutes conferring the power of eminent domain are construed strictly against the appropriation, and only such interest as to quantum and quality of an estate as is expressly authorized by such statutes may be appropriated."

The latest statement as to the power of a court to enjoin an attempted appropriation of property appears in *Village of Blue Ash* v. *City of Cincinnati*, 173 Ohio St., 345, at p. 353:

"* * * The limit of the court's power is to enjoin an unlawful or improper exercise of the power of eminent domain beyond the limits of a constitutional or statutory grant of such power. Injunction, in this class of cases, is a matter of strict right, not of equitable discretion."

We have carefully examined the contents of Chapters 5501, 5511 and 5519 of the Revised Code in an effort to discover a statute or statutes which, by express words or plain implication, vest the Director of Highways with authority to appropriate property, adjacent to the right of way of a limited-access highway, for use as a *rest area*. We have been unable to discover any such grant, either in express words or by plain implication.

Indulging the strict construction against the appropriation which the decided cases require, we are compelled to conclude that the Director of Highways possesses no such power, and that the injunction sought by appellant should issue.

A decree may be prepared granting to appellant a permanent injunction against the appropriation sought by the appellee, Director of Highways, at his costs. Counsel for appellant shall furnish an appropriate journal entry so providing.

*Decree for appellant.*

HUNSICKER, P. J., and DOYLE, J., concur.