REESE ET AL., APPELLANTS, *v.*
MINOR; HERMANN, APPELLEE.

(No. C-800555—Decided July 1, 1981.)

*Mr. Myron S. Rudd* and *Mr. Michael
D. Rudd,* for appellants.
*Mr. Robert L. Davis,* for appellee.

*Per Curiam.* This cause came on to
be heard upon the appeal from the Court
of Common Pleas of Hamilton County.

In the early morning hours of
November 19, 1977, plaintiff-appellant
Ronald H. Reese was driving east on
Kellogg Avenue in Hamilton County,
Ohio. A car driven by defendant-appellee,
Arthur Hermann, followed, then passed,
Reese's automobile. Hermann thereafter
lost control of his car in unsuccessfully
negotiating a curve in the road. The car
flipped onto its side and came to rest
slightly off the eastbound side of the road.
When Reese arrived at the scene he drove
his car off the roadway, stopping a few
feet short of Hermann's car.

Plaintiff Reese got out of his vehicle
and shouted to Hermann several times.
Hearing no reply, he crossed the east-
bound lane and signaled a westbound car
to stop. As this car was slowing down,
plaintiff saw the headlights of an east-
bound car approximately one-half mile
away. He stepped out into the eastbound
lane and was subsequently struck by the
automobile driven by defendant John
Minor.

Reese and his wife instituted this ac-
tion against Minor and Hermann, Minor
as the driver of the automobile allegedly
striking Reese and Hermann as one owing
a duty of care to Reese.

Prior to trial both Minor and Her-
mann filed motions for summary judg-
ment. The trial court denied Minor's mo-
tion but granted Hermann's, finding that
Hermann's actions were not the prox-
imate cause of Reese's injuries. Plaintiffs
appeal the decision as to Hermann.

Plaintiffs claim that the trial court
erred in granting defendant Hermann's
motion for summary judgment. They
argue that the trial court could not find,
as a matter of law, that defendant Her-
mann's actions were too remote in the
chain of causation to permit plaintiffs to
recover against him.

The rescue doctrine is part of the
common law of Ohio. That is, one injured
in an attempt to rescue a person in danger
may recover from the party negligently
causing the danger to the same extent as
the person being rescued. Recovery is
precluded if the rescue is attempted in a
rash or reckless manner. *Pennsylvania
Co.* v. *Langendorf* (1891), 48 Ohio St. 316;
*Pittsburg, Cincinnati, Chicago & St.
Louis Ry. Co.* v. *Lynch* (1903), 69 Ohio St.
123.

A rescuer may only recover against
one found negligent. The ultimate deter-
mination of actionable negligence against
an alleged tortfeasor is determined by

common law principles. These relate to the scope of the defendant's duty, including the element of foreseeability of the injury, the violation of that duty and proximate cause. *Marks* v. *Wagner* (1977), 52 Ohio App. 2d 320 [6 O.O.3d 360].

In Ohio, the issue of proximate cause may be determined as a matter of law. *Ornella* v. *Robertson* (1968), 14 Ohio St. 2d 144 [43 O.O.2d 246]. When a motion for summary judgment is made, the party against whom the motion is directed is entitled to have the evidence and stipulations construed most strongly in his favor. Civ. R. 56(C). Thus, the question before us is: When the evidence is construed most strongly in plaintiff's favor could reasonable minds differ as to Hermann's role in proximately causing plaintiff's injuries? We concur in the trial court's judgment that they could not.

Plaintiff's own statements indicate that there was a definite break in any cause and effect betwen Hermann's accident and plaintiff's injuries. Plaintiff admits to seeing the oncoming headlights of defendant Minor's automobile approximately *one-half mile away* from the scene of the accident. By plaintiff's own account, he remained in the path of the Minor vehicle until it was too late to get out of the way. We must emphasize that we are not faced with what may be termed normal, foreseeable actions of a rescuer. To imply that Hermann should be held accountable for this kind of behavior is to place him in the position of plaintiff's insurer. This we decline to do.

The assignment of error is overruled and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

SHANNON, P. J., PALMER and KLUSMEIER, JJ., concur.