## BROWN, APPELLANT, *v.* CITY OF CINCINNATI, APPELLEE.

(No. C-880337—Decided July 19, 1989.)

*White, Getgey & Meyer* and *David P. Kamp,* for appellant.

*Richard A. Castellini,* city solicitor, and *Mark C. Vollman,* for appellee.

*Per Curiam.* Plaintiff-appellant, Tyson Brown, appeals from the trial court's order granting summary judgment in favor of the city of Cincinnati ("city"), the defendant-appellee, on his claim for personal injuries allegedly caused by a police officer's negligence. In his assignment of error the plaintiff contends that the trial court erroneously concluded that the city is immune from liability for injuries to rescuers in connection with R.C. 2921.23, which imposes a duty upon a private citizen to come to the aid of a law officer. The assignment is well-taken.

Plaintiff observed a suspect in custody attempting to escape from the police officer. While the officer and suspect were rolling on the ground, plaintiff heard the suspect say, "I'm going to kill him," as he reached for the officer's service revolver. After the officer affirmatively responded to plaintiff's inquiry regarding the officer's need of assistance, plaintiff grabbed and helped subdue the suspect. While he was holding the suspect, the officer attempted to mace the suspect, but instead sprayed mace into the plaintiff's face, causing his injuries.

The trial court's order granting summary judgment states, in pertinent part:

"The sole basis for the Court's holding is that plaintiff's claim is implicitly barred by Ohio Rev. Code Section 2921.23 and plaintiff is therefore precluded as a matter of law from pursuing a claim against the City of Cincinnati based upon the negligence of a police officer who is assisted by a private citizen in the 'apprehension or detention of an offender.' "

R.C. 2921.23 states as follows:

"(A) No person shall negligently fail or refuse to aid a law enforcement officer, when called upon for assistance in preventing or halting the commission of an offense, or in apprehending or detaining an offender, when such aid can be given without a substantial risk of physical harm to the person giving it.

"(B) Whoever violates this section is guilty of failure to aid a law enforcement officer, a minor misdemeanor."

Although this section imposes criminal liability upon a private person who fails to assist an officer who is apprehending or detaining a suspect unless there is a substantial risk of physical harm, it says nothing about a political subdivision's immunity from civil liability. The language, "when such aid can be given without a substantial risk of physical harm,"

merely excuses a private person of the duty to render aid. Committee Comment to R.C. 2921.23.

The city's brief concedes that the trial court's stated reason for granting summary judgment is incorrect, but it urges, in reliance on *Taylor* v. *Yale & Towne Mfg. Co.* (1987), 36 Ohio App. 3d 62, 520 N.E. 2d 1375, that a correct judgment should not be reversed simply because the trial court assigned erroneous reasons as the basis for its judgment.

The city maintains that under the public duty doctrine, it is immune from liability for acts of its employees, even if it is assumed the police officer negligently caused injuries to the plaintiff. It is conceded that plaintiff's injuries occurred during that period, between December 15, 1982, and November 20, 1985, in which the Supreme Court abolished sovereign immunity as a defense for municipal corporations in *Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26, 2 OBR 572, 442 N.E. 2d 749. Before *Haverlack*, a police officer, while preserving the peace and arresting suspects, acted in a governmental capacity, and a city was not liable for his negligent acts. *Blackman* v. *Cincinnati* (1940), 66 Ohio App. 495, 20 O.O. 495, 35 N.E. 2d 164, affirmed (1942), 140 Ohio St. 25, 23 O.O. 228, 42 N.E. 2d 158. However, judicial repeal of the doctrine of sovereign immunity neither imposed new duties upon municipalities nor disturbed the public duty doctrine. *Sawicki* v. *Ottawa Hills* (1988), 37 Ohio St. 3d 222, 525 N.E. 2d 468; *Texaus Investment Corp., N.V.* v. *Haendiges* (C.A. 6, 1985), 761 F. 2d 252.

The public duty doctrine encompasses decisions involving exercise of a high degree of official judgment or discretion. *Marrek* v. *Cleveland Metroparks Bd. of Commrs.* (1984), 9 Ohio St. 3d 194, 9 OBR 508, 459 N.E. 2d 873. The rationale is a public consideration prompted by the potential financial burden for municipal corporations if held liable for the negligent failure to enforce ordinances or provide police protection. *Sawicki, supra.*

Specifically, the public duty doctrine, adopted in *Sawicki, supra,* at 230, 525 N.E. 2d at 477, is as follows: "* * * [I]f the duty which the * * * [law] imposes upon * * * [a public official] is a duty to the public, [then] a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages." 2 Cooley, Law of Torts (4 Ed. 1932) 385-386, Section 300.

Contrary to the city's suggestion that R.C. 2921.23 and the police policy relative to using mace constitute a duty to the public, a person rescued owes an independent duty of care to his rescuer. Prosser & Keeton, Law of Torts (5 Ed. 1984) 308, Section 44. We find a situation in which a police officer negligently causes an injury by his actions distinguishable from a failure to provide police protection as in *Sawicki, supra.* This court has previously held that the rescue doctrine allows a person attempting the rescue to recover for negligence under common-law principles. *Reese* v. *Minor* (1981), 2 Ohio App. 3d 440, 2 OBR 534, 442 N.E. 2d 782. See *Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Lynch* (1903), 69 Ohio St. 123, 68 N.E. 703; *Pennsylvania Co.* v. *Langendorf* (1891), 48 Ohio St. 316, 28 N.E. 172. We have also held that a tortfeasor who negligently injures a rescuer is liable even if he did not create the situation resulting in the attempted rescue. *Woodward* v. *Gray* (1933), 46 Ohio App. 177, 188 N.E. 304.

Accordingly, negligence under the

rescue doctrine depends upon the existence of a duty, breach of the duty, and foreseeability. Because the police officer in the case *sub judice* was under a duty to the plaintiff to refrain from creating an unreasonable risk of harm, genuine issues of material fact exist as to the city's liability under Civ. R. 56. Therefore, the trial court erred in granting summary judgment. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with the law and this decision.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., HILDEBRANDT and GORMAN, JJ., concur.