## DORAN v. HEMPEY et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8044. Decided September 17, 1928.

(Middleton, PJ., and Mauck, J., of the 4th Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**TRIAL.**
(590 Ce) Special instruction requested and given, having covered plaintiff's view of case so far as matter in controversy is concerned, court not bound to repeat principle in general charge.

**NEGLIGENCE.**
(370 C2) Mother, in attempting to rescue child from peril, not to be charged with errors of judgment in manner in which she effected or attempted to effect rescue, resulting from excitement and confusion of the moment.

**ERROR PROCEEDINGS.**
(260 G) There being two or more separate issues of fact for determination of jury, and verdict being a general one, error, to be available, must affect all issues.

Error to Common Pleas.
Judgment affirmed.

Anderson & Lamb, Cleveland, for Doran.
Joseph B. Keenan, Cleveland, for Hempey, et.

STATEMENT OF FACTS.

Mary E. Doran by her petition in the Common Pleas Court, sought to recover from the defendants, damages for injuries sustained by the plaintiff. The petition recites that the plaintiff and her family were tenants of the defendants, occupying the second floor of a two-family tenement. It is pleaded that the defendants repossessed themselves of the bathroom of the plaintiff's apartment for the purpose of making repairs and that while making said repairs the defendants removed part of the flooring in the bathroom and left the same unprotected.

It is further pleaded that a child of plaintiff, then about two years old, fell into the unprotected hole and that the plaintiff mother, apprehending that the child was in imminent danger of falling through the floor to the apartment beneath, attempted to rescue the child, and in doing so she, herself, fell into the hole and through the plaster of the ceiling beneath where she remained suspended by her arms until rescued by neighbors.

Plaintiff charged that the defendant was guilty of negligence in leaving the hole in the bathroom floor unprotected.

The defendants, by answer, denied the negligence and in the course of the testimony

raised two other issues, namely, that if the plumbers responsible for the hole in the floor, were guilty of negligence that they were independent contractors and not servants of the defendants, and further that plaintiff was guilty of contributory negligence. Trial was had, resulting in a general verdict for the defendants. Plaintiff seeks to reverse that judgment.

The principal contention before this court is that the trial court's instruction to the jury ignored the salutary rule laid down in Pennsylvania Co. v. Langendorf, 48 OS. 316, to the effect that a person injured by the act of another in an attempt to save the life of a third person, is entitled to have the liability of the defendant determined by the duty that such defendant owed to the person whose life was in process of being saved.

MAUCK, J.

In the general charge the court discusses only those principles of law that obtain as between the injured person and the person committing the injury. The plaintiff had, however, by her first special instructions, before argument, secured from the court this direction to the jury.

This special instruction adequately presented the plaintiff's view of the case so far as primary negligence was concerned and the trial court was not bound to repeat the principle referred to in its general charge. Plaintiff was, however, entitled to an instruction to the effect that the mother in attempting to rescue the child from peril, should not be charged with any errors of judgment in the manner in which she effected or attempted to effect the rescue resulting from the excitement and confusion of the moment.

Plaintiff made a request of this character at the conclusion of the general charge and the trial court was wrong in refusing to give it. The requested instruction however, went only to the single defense of contributory negligence.

Now, as we have already pointed out, there were at least two, possibly three, separate issues of fact for the determination of the jury. The verdict was a general one and we are unable to determine upon which of these issues the verdict turned. It may be that the jury found that the defendants were guilty of no negligence at all. If so, under the peculiar rule that obtains in this State, error that went only to the defense of contributory negligence is not sufficient to warrant a reversal. This rule of course is too well established to require comment.

Sites v. Haverstick, 23 OS. 626.

Jones v. Erie Railroad Co., 106 OS. 408.

The manifest error in the case is therefore unavailable to the plaintiff in error.
(Middleton, PJ., concurs.)