Mike Nelson, by and through his mother and next friend, Cheryl Sanders, and Patricia Harper, as administratrix of the estate of Jason Spallino, appeal from summary judgments for Christopher Eugene Meadows and the City of Dothan in their negligence actions alleging that Charles Tracy McCord, Christopher Eugene Meadows, and the City of Dothan were liable for injuries Nelson and Spallino sustained in an automobile collision.
In the evening on February 5, 1994, Charles Tracy McCord was driving an automobile north on Ross Clark Circle in Dothan, Alabama. Nelson and Spallino were passengers in McCord's vehicle. When McCord entered the intersection of Ross Clark Circle and Hartford Highway, he attempted to make a left turn west onto Hartford Highway and turned into the path of the vehicle driven by Meadows that was traveling south on Ross Clark Circle. The vehicles collided, resulting in the death of Spallino and serious injuries to Nelson. At the time of the accident, the traffic lights at the intersection were green for traffic traveling north and south on Ross Clark Circle. The light did not have a turn signal, but had a sign stating "left turn yield on green."
Thereafter, Nelson, by and through his mother and next friend, Cheryl Sanders; and Patricia Harper, as administratrix of the estate of Spallino, filed separate complaints in the Houston County Circuit Court against McCord, Meadows, and the City of Dothan. Count one of Nelson's complaint alleged that McCord and Meadows had wantonly or negligently operated their vehicles and had thereby caused Nelson's injuries. Count one of Harper's complaint alleged that McCord and Meadows had wantonly or negligently operated their vehicles and had thereby caused Spallino's death. Count two of each complaint alleged that the City of Dothan had failed to properly design, construct, and maintain the traffic lights at the intersection.
On August 1, 1995, the trial court entered summary judgments for Meadows and the City of Dothan in both actions. Subsequently, the trial court made its judgment final pursuant to Rule 54(b), Ala.R.Civ.P. Nelson and Harper appealed.[1] The Supreme Court transferred the appeal to this court pursuant to § 12-2-7, Ala. Code 1975.
On appeal, Nelson and Harper contend that the summary judgments were not proper as to Meadows because, they say, genuine issues of material fact exist as to whether Meadows's actions were negligent or wanton. Nelson and Harper also contend that the summary judgments were not proper as to the City of Dothan because, they say, genuine issues of material fact exist as to whether the City of Dothan was negligent in designing, constructing, and maintaining the intersection.
A summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. The burden is on the movant to show that there exists no genuine issue of material fact; however, once a party moving for a summary judgment makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to rebut the prima facie showing. McClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957 (Ala. 1992).
After the movant has made a prima facie showing that he is entitled to a judgment as a matter of law, the opposing party must show by substantial evidence that there is a genuine issue of material fact that would require a resolution by a factfinder. Johnson v. Citizens Bank, 582 So.2d 576
(Ala.Civ.App. 1991). Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life *Page 148 Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
To prove negligence, a plaintiff must establish four elements: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury. Crowne Investments, Inc. v. Bryant, 638 So.2d 873
(Ala. 1994). A summary judgment is rarely appropriate in a negligence action. Nunnelee v. City of Decatur, 643 So.2d 543
(Ala. 1993). See also, Vick v. H.S.I. Management, Inc.,507 So.2d 433 (Ala. 1987); Allen v. Mobile Infirmary, 413 So.2d 1051
(Ala. 1982); and Folmar v. Montgomery Fair Co., 293 Ala. 686,309 So.2d 818 (1975).
 I. Meadows
Meadows maintains that the summary judgments were proper as they related to him, because, he says, there was no evidence showing that he acted negligently or wantonly. In support of this position, Meadows presented his affidavit, which stated as follows:
 "On February 5, 1994, I was proceeding in the right or outside lane of the Ross Clark Traffic Circle. I was not speeding. As I approached the intersection of the Ross Clark Traffic Circle and the Hartford Highway a vehicle driven by Charles Tracy McCord and occupied by Jason Spallino and Mike Nelson turned left in front of the vehicle I was driving. My light was green. I had the right-of-way. I slammed on my brakes and cut to the right. I did nothing to cause the accident."
In opposition to Meadows's motion for summary judgment, Nelson and Harper relied on the deposition testimony of Meadows and Robbie Harrison, a passenger in Meadows's vehicle at the time of the accident. Meadows testified that at the time of the accident, the street was wet and his vehicle was traveling at 50 miles per hour (the posted speed limit). Meadows also testified that he did not slow down as he approached the intersection. Harrison testified that the weather was "misty" and that "the roads were kind of wet." Nelson and Harper argued that, although Meadows was not exceeding the speed limit and had the right-of-way, he could still have acted negligently. Their argument was based on § 32-5A-170, Ala. Code 1975, which provides:
 "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions."
(Emphasis added). Specifically, Harper and Nelson argued that a jury should decide the question of negligence because Meadows did not slow down as he approached the intersection and because, they said, he was not traveling at a reasonable speed on the wet streets.
Given the facts of this case, we conclude that the trial court erred by entering the summary judgments as to Meadows. The fact that Meadows was not exceeding the speed limit is not conclusive evidence that he acted in a manner that a jury would consider reasonable and prudent under the conditions present at the time of the accident. § 32-5A-170, Ala. Code 1975. Moreover, our Supreme Court has said that "[w]hether a person involved in an [automobile] accident acted reasonably in operating his motor vehicle depends on all of the circumstances surrounding the accident; the question is ordinarily one for the jury."Senn v. Alabama Gas Corp., 619 So.2d 1320, 1322 (Ala. 1993) (holding that a trial court properly denied the defendant's motion for a directed verdict where the defendant was not speeding, but the evidence showed that the streets were wet and that the defendant was towing a utility trailer on a downhill slope). See also, Partridge v. Miller, 553 So.2d 585 (Ala. 1989) (holding that a jury question existed as to whether a motorist who was driving within the speed limit was contributorily negligent). *Page 149 
Accordingly, the summary judgments are reversed as to Meadows.
 II. City of Dothan
Count two of Harper and Nelson's complaints alleged that the City of Dothan ("City") had negligently designed, constructed, and maintained the traffic lights at the intersection where the accident occurred. The City supported its motion for summary judgment with affidavits and deposition testimony of several City employees. The affidavit of Les Widgeon, traffic control technician for the City, stated that the traffic lights at the intersection were working properly when the accident occurred. The affidavit of Gary Martin, the City's engineer, stated that the City maintains the traffic lights at the intersection; that the intersection was designed by the State of Alabama Highway Department ("State"); that the City did not have the authority to alter the design configuration of the intersection in any way; and that the intersection was under the control of the State. Charles Metzger, the City's traffic engineer, testified that the traffic lights at the intersection were manufactured and/or constructed by Transit Corporation; that the City did not design the traffic lights at the intersection; that the traffic lights had been inspected the day before the accident and had been found to be in good working order; and that the traffic lights were working properly at the time the accident occurred.
The City argued that, based on the foregoing evidence, it had not negligently maintained the traffic lights at the intersection and it had no duty to properly design or construct the intersection because, it said, the intersection was under the control of the State.
In response to the City's motion for summary judgment, Harper and Nelson argued that the City had negligently maintained the intersection because, they said, the City should have recognized the existence of a dangerous condition involving the traffic lights at the intersection and should have requested approval from the State to alter the configuration of the lights. Specifically, Harper and Nelson asserted that the City had a duty to request and receive approval to install a turn signal at the intersection and that such a duty was created by a maintenance contract between the City and the State.
In 1970, the City and the State entered into a contract whereby the City agreed to operate and maintain the traffic lights at the intersection. The contract established the City's duty to maintain the traffic lights controlling the intersection and also stated: "In the event future traffic conditions require changes or adjustments (other than ordinary timing), the [State] will be informed and approvals gained before such changes are made."
In Harris v. Board of Water Sewer Commissioners of the Cityof Mobile, 294 Ala. 606, 613, 320 So.2d 624 (1975), our Supreme Court, citing MacPherson v. Buick Motor Co., 217 N.Y. 382,111 N.E. 1050 (1916), adopted the following principle of tort law:
 "[W]here one party to a contract assumes a duty to another party to that contract, and it is foreseeable that injury to a third party — not a party to the contract — may occur upon a breach of that duty, the promisor owes that duty to all those within the foreseeable area of risk."
Further, in Vick v. H.S.I. Management, Inc., 507 So.2d 433
(Ala. 1987), the Court stated:
 " '[O]ne who undertakes to perform a contract may be determined to owe a duty to others not privy to the contract to perform his obligations under the contract without negligent injury to such others. Such duty may arise from the foreseeability that such others may be injured by negligent performance, or duty may arise from the knowledge that others are relying on a proper performance.' "
507 So.2d at 436 (quoting Williams v. Jackson Co.,359 So.2d 798, 801 (Ala.Civ.App. 1978), cert. denied, 359 So.2d 801
(Ala. 1978)).
Applying these principles of law, we conclude that the City owed a duty to Harper (as Spallino's representative) and Nelson to perform its obligation under the contract with the State because it was foreseeable *Page 150 
that Nelson and Spallino, as passengers in a motor vehicle, could be injured if the City breached its contractual obligation. To fulfill its duty, the City was to inform the State "[i]n the event future traffic conditions require changes or adjustments." Harper and Nelson presented evidence showing that 28 similar accidents had occurred at the intersection in the previous three years. Harper and Nelson argued that, in light of the frequency of similar accidents, the City had a duty to inform the State that changes needed to be made at the intersection and that the City breached its duty by failing to inform the State.
With regard to the existence of a duty, our Supreme Court has stated that "[a]lthough the existence vel non of a duty isordinarily a question of law for the court, it is not error to submit the question to the jury if the factual basis for the question is in sufficient dispute: to allow the trial court to determine such questions would undermine the traditional factfinding function of the jury." Garner v. Covington County,624 So.2d 1346, 1350 (Ala. 1993) (emphasis in original). The Court has also said that "[w]here the facts, upon which the existence of a duty depends, are disputed, the factual dispute is for resolution by the jury." Alabama Power Co. v. Alexander,370 So.2d 252, 254 (Ala. 1979) (quoted with approval in Garner, 624 So.2d at 1349-50).
Based on the foregoing, we conclude that genuine issues of material fact exist as to whether traffic conditions at the intersection had changed to an extent that would, under the terms of the contract, impose a duty on the City to inform the State.
Assuming that Harper and Nelson could prove that the City was negligent, in order to recover they would still have to demonstrate that the City's negligence proximately caused the accident. The City argued that, even if it was negligent, any negligence on its part was not the proximate cause of the accident because, it said, the cause of the accident was McCord's negligence.
The general rule of proximate causation in Alabama is that a negligent act or omission is the proximate cause of an injury if the injury is "a natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury." Vines v.Plantation Motor Lodge,336 So.2d 1338, 1339 (Ala. 1976). Further, "[a] foreseeable intervening event does not break the causal relationship between the defendants' actions and the plaintiffs' injuries." Kelly v. M. Trigg Enterprises, Inc.,605 So.2d 1185, 1190 (Ala. 1992).
"[P]roximate causation and whether there is an intervening cause are questions for the jury. Liberty National Life Ins.Co. v. Weldon, 267 Ala. 171, 189, 100 So.2d 696 (1957)."Tuscaloosa County v. Barnett, 562 So.2d 166, 169 (Ala. 1990). Consequently, we also reverse the summary judgments as they relate to the City of Dothan.
REVERSED AND REMANDED.
THIGPEN and MONROE, JJ., concur.
[1] Although they filed separate complaints, Nelson and Harper are represented by the same attorney, and their arguments at the trial level and their briefs on appeal are nearly identical.