**ESTATE OF MINSER, Appellant,**

v.

**POINSATTE et al., Appellees.**

[Cite as *Estate of Minser v. Poinsatte* (1998), 129 Ohio App.3d 398.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–98–001.

Decided Aug. 14, 1998.

*Martin W. Williams, Edward L. Murphy, Jr.* and *Diana C. Bauer,* for appellant.

*Timothy C. James* and *Bonnie C. Rowe,* for appellees.

SHERCK, Judge.

This is an appeal from a summary judgment granted by the Williams County Court of Common Pleas in favor of a tortfeasor who was sued under Ohio's common-law rescue doctrine for the death of a bystander at an automobile accident scene. Because the undisputed facts show that the decedent was removed in both time and space from any rescue attempt, we affirm.

On July 25, 1995, appellee Phillip S. Poinsatte was driving a delivery van owned by appellee Poinsatte Motors when he ran a stop sign and collided with another van at the intersection of U.S. 20 and Ohio Route 49 in Williams County. The collision sheared off an electrical pole and left Phillip Poinsatte's vehicle on its side and the other van upside down.

A few minutes later, Timothy Minser came upon the scene, as Minser had agreed to meet his former wife, nurse Cindy Abate, at the intersection to exchange the couple's child following visitation. Phillip Poinsatte testified at deposition that when Minser arrived he helped Poinsatte and the driver of the other van extricate a passenger trapped in the upside-down van. At some point, Cindy Abate also arrived and began to provide medical attention to the men from the overturned van. Poinsatte testified that shortly thereafter a police officer

arrived and warned Poinsatte, in Minser's presence, to avoid the power wires downed during the accident. A few minutes later, Poinsatte reported hearing a loud pop followed by screams. When he looked, Poinsatte observed Minser, his left hand raised, grabbing a downed live power wire. Minser was some twenty-five feet from the overturned van when he was electrocuted.

Cindy Abate's account varied from Poinsatte's in some respects. Abate, in her affidavit, recalled arriving at the scene before Minser. She immediately began to aid the two occupants of the van who had already been removed from the overturned vehicle. Later, Minser arrived to offer help and, at Abate's request, obtained a flannel shirt to place under the head of one of the injured. According to Abate, no police were on the scene and emergency medical technicians were only just arriving when Minser came into contact with the live wire.

Following Timothy Minser's death, appellant, Janet L. Minser, brought a wrongful death and survivorship action against appellees on behalf of Minser's estate. In the trial court, appellees moved for summary judgment. Appellees argued that a tortfeasor's duty to a third party, arriving after the results of the primary negligent act are complete, exists only to the extent that the third party attempts to become a rescuer to someone in peril as a result of the original negligence. See Prosser & Keeton on Torts (5 Ed.1984) 307–308. Appellees contend that when Minser was electrocuted, he was no longer involved in any rescue attempt and, in any event, his own negligence in failing to avoid the downed power line was an intervening and superseding cause of his death.

Appellant responded to appellees' motion by submitting Cindy Abate's affidavit, arguing that summary judgment was inappropriate because questions of fact existed as to whether a police officer was at the scene prior to Minser's electrocution and whether the police warned Minser of the danger from the downed power line.

The trial court granted summary judgment, concluding that Timothy Minser did not fall within the "rescue doctrine." Additionally, the trial court ruled that Minser's own act of picking up a "hot" wire was an intervening and superseding cause which severed the chain of causation between appellee Phillip Poinsatte's negligence and Minser's death.

Appellant now appeals, setting forth the following two assignments of error:

"1. The Trial Court erred in granting defendants-appellees' Motion for Summary Judgment on the rescue doctrine as genuine issues of material fact exist as to whether Timothy Minser ('Minser') reasonably believed that the occupants of the van were still in peril because of the downed power lines.

"2. The Trial Court erred in granting defendants-appellees' Motion for Summary Judgment since genuine issues of material fact exists as to whether

Minser's conduct in attempting to move the power lines was an intervening, superseding cause of his death."

On review, appellate courts employ the same standard for summary judgment as trial courts. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. The motion may be granted only when it is demonstrated "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; Civ.R. 56(C).

When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 79, 11 OBR 319, 322–323, 463 N.E.2d 1246, 1249–1250. A "material" fact is one that would affect the outcome of the suit under the applicable substantive law. *Needham v. Provident Bank* (1996), 110 Ohio App.3d 817, 826, 675 N.E.2d 514, 519–520, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211–212.

While the facts of this case are indeed tragic, our task is solely to determine whether appellees are legally liable for Timothy Minser's death. In a negligence action, a plaintiff must show (1) the existence of a duty, (2) which the defendant breached, (3) proximately causing, (4) injury to the plaintiff. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 269–270. To withstand a motion for summary judgment, a plaintiff must present evidence that at least creates a triable issue on each of these elements.

Specifically at issue here is the question of appellees' duty to Timothy Minser. Under ordinary circumstances, even one who is negligent with respect to one party owes no duty to passersby injured by unforeseen circumstances. See Prosser & Keeton, *supra*, at 280 *et seq.* However, it has been held that when one who by his negligence places himself or others in peril, it is foreseeable that someone will attempt to rescue. In such a circumstance, the tortfeasor has a

duty to the rescuer and may be held liable if he or she is harmed. See Annotation (1989), 73 A.L.R.4th 737–769. This "rescue doctrine" is part of Ohio's common law. *Marks v. Wagner* (1977), 52 Ohio App.2d 320, 322, 6 O.O.3d 360, 361–362, 370 N.E.2d 480, 482–483, citing *Pennsylvania Co. v. Langendorf* (1891), 48 Ohio St. 316, 28 N.E. 172, and *Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Lynch* (1903), 69 Ohio St. 123, 68 N.E. 703.

Nevertheless, one's status as a rescuer has limits in time and space. One may be a rescuer only as long as he or she has a reasonable belief that a victim is in peril. *Marks, supra*, at 324, 6 O.O.3d at 363, 370 N.E.2d at 484. "[A] reasonable belief of continued peril could not exist in a case where the negligent act causing the victim's injuries had run its course and the victim's life was no longer in peril * * * ." *Id.*

In this case, both Poinsatte's deposition and Nurse Abate's affidavit concur that both occupants of the overturned van were out of the van and under Nurse Abate's care before Timothy Minser came in contact with the live wire. Additionally, the Abate affidavit does not refute Poinsatte's assertion that Minser and the live wire were at least twenty-five feet from the overturned van. From this uncontested evidence, we conclude that Phillip Poinsatte's negligent act that caused injuries to the van passengers had run its course and no immediate peril existed for either victim. At this point, Minser lost his status as a rescuer and appellees' duty to him ceased.

The question of whether there was or was not a policeman at the scene who did or did not warn Minser of the live wire is not material. As a matter of law, by the time Minser grabbed or came into contact with the electrical wire, appellees owed him no duty. Accordingly, appellant's first assignment of error is not well taken. We, therefore, need not reach appellant's second assignment of error, which we determine to be moot.

The judgment of the Williams County Court of Common Pleas is affirmed. Costs to appellant.

*Judgment affirmed.*

Melvin L. Resnick and Glasser, JJ., concur.