Jerry Trapp appeals from a summary judgment for Jerry Vess and Cotton States Insurance Company. We affirm.
 Facts and Procedural History
On January 28, 2000, the weather conditions in Franklin County included freezing temperatures and two to three inches of snow. Jerry Vess and his daughter left their home that morning to take Vess's daughter to Russellville Hospital, where she was scheduled to undergo medical tests. Along the way, Vess applied the brakes on an icy portion of a road, and his car skidded into a ditch. Neither Vess nor his daughter were injured; however, Vess's car was stuck in the ditch.
A few minutes later Trapp drove by and stopped to help. Vess says that he informed Trapp that he and his daughter were not injured and that they had been on their way to Russellville Hospital where his daughter was to undergo some tests. Trapp offered to get a truck with a trailer hitch to pull Vess's car out of the ditch. Trapp left and later returned with a truck and five or six men to aid in getting Vess's car out of the ditch.
The men attached a chain to the front of Vess's car and proceeded to pull the car from the ditch. During this process, Trapp and some of the men were standing in the ditch pulling on the car while the truck pulled from the road. As Trapp pulled on the car, he tore his right distal biceps tendon. The men successfully removed the car from the ditch. Trapp sought medical attention for his injury a few days later and eventually underwent surgery on his arm.
Trapp sued Vess and Cotton States, alleging that the injury to his arm resulted from Vess's negligence and/or wantonness in driving his car into the ditch. Both Vess and Cotton States filed motions for a summary judgment. After Trapp responded to the motions, the trial court entered a summary judgment for Vess and Cotton States. Trapp appealed.
 Standard of Review
The principles of law applicable to the review of a motion for a summary judgment are well settled. To grant such a motion, the trial court must determine that the evidence does not raise a genuine issue of material fact and that the movant is entitled to the judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. When the movant makes a prima facie showing that those two conditions are satisfied, the burden then shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794,797-98 (Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870,871 (Ala. 1989).
In reviewing a summary judgment, we apply the same standard the trial court applied. Ex parte Lumpkin, 702 So.2d 462, 465 (Ala. 1997). Our review is subject to the caveat that we must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413
(Ala. 1990).
 Analysis
Trapp argues that the record contains substantial evidence creating a genuine issue of material fact as to whether Trapp's injury was caused by Vess's negligence and/or wantonness. Trapp argues that he *Page 306 
is entitled to a recovery from Vess and Cotton States based on the "rescue doctrine" of tort law. This Court recently described the purpose of the rescue doctrine as follows: "The rescue doctrine arose as a way to establish causal relation between the action of the defendant and the harm to a rescuer and to prohibit the negligent defendant from using the affirmative defenses of assumption of the risk and contributory negligence against the rescuer." Dillard v. Pittway Corp., 719 So.2d 188,193 (Ala. 1998). The rescue doctrine allows a person who sustains an injury when he or she comes to the aid of another in peril to recover damages based upon the negligence of the tortfeasor, despite the absence of proximate cause. See id. In order to meet the standard under the rescue doctrine, the defendant must have been negligent as to the person being rescued. If so, the defendant is deemed to have acted negligently towards the rescuer as well. Id.
Trapp maintains that there is a genuine issue of material fact as to whether Vess's driving his car in such a manner that it landed in a ditch constituted negligence. He points to the hazardous weather conditions and also to § 32-5A-170, Ala. Code 1975, which provides: "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." Trapp also relies on Nelson v. Meadows, 684 So.2d 145
(Ala.Civ.App. 1996). In that case, the Court of Civil Appeals, applying the summary-judgment standard, held that the mere fact that an individual was abiding by the speed limit at the time of the accident was not sufficient evidence indicating that the driver acted reasonably and with prudence under the conditions present at the time of the accident. 684 So.2d at 148.
Despite Trapp's accurate description of the standard of care imposed on a driver in Alabama, his argument contains no factual support to show that Vess acted negligently in causing his car to enter the ditch. Trapp testified in his deposition that he did not see Vess's car go into the ditch; it was already in the ditch when Trapp arrived on the scene. He presented no evidence indicating Vess's speed at the time of the accident or that the speed, although unknown, was unreasonable. Trapp did not present any evidence to show that Vess's use of his brakes on an icy road was not reasonable. The only evidence the trial court had before it as to the events occurring before the car left the road was Vess's testimony. He testified, in his deposition, that the road was "slick and iced-over from prior traffic" and that he was not driving too fast when he applied his brakes and lost control of his car.
This Court has noted: "'"The mere skidding of an automobile on an icy street does not necessarily prove negligence of the driver of the car."'"Harris v. Brewer, 487 So.2d 252, 254-55 (Ala. 1986) (quoting NationalBiscuit Co. v. Wilson, 256 Ala. 241, 246, 54 So.2d 492, 496 (1951), quoting in turn Kaczmarek v. Murphy, 78 Ohio App. 449, 452, 70 N.E.2d 784,786 (1946)). Alabama law also states that "[t]he mere possibility that negligence caused an injury, without evidence, is not sufficient to support a verdict." Marshall Durbin Co. v. Hartley, 392 So.2d 240, 241
(Ala.Civ.App. 1980). Therefore, in the absence of any evidence sufficient to raise a genuine issue of material fact as to Vess's negligence, the trial court correctly entered a summary judgment for Vess and Cotton States.
The summary judgment for Vess and Cotton States was also appropriate because there is no genuine issue of material fact as to Trapp's claim that the rescue *Page 307 
doctrine is applicable in this case. Alabama courts have never directly addressed the issue of when a person qualifies as a rescuer under the rescue doctrine; however, other jurisdictions have soundly determined the scope of the doctrine. See, e.g., Estate of Minser v. Poinsatte,129 Ohio App.3d 398, 402, 717 N.E.2d 1145, 1148 (1998); Bell v. Irace,422 Pa. Super. 298, 304-05, 619 A.2d 365, 369 (1993); Commonwealth v.Millsaps, 232 Va. 502, 507-08, 352 S.E.2d 311, 314 (1987); Ellmaker v.Goodyear Tire Rubber Co., 372 S.W.2d 650, 658 (Mo.Ct.App. 1963). In order to claim the status of a rescuer, a party must establish that he had a reasonable belief that the person he was trying to rescue was in a dangerous position. See Estate of Minser, 129 Ohio App.3d at 402,717 N.E.2d at 1148. The person being rescued does not need to be in actual peril so long as there is "`a reasonable belief that some person is in imminent peril.'" Ellmaker, 372 S.W.2d at 658.
In this case, the only fact that could have led Trapp to a "reasonable belief that some person [was] in imminent peril" is Trapp's statement in his affidavit indicating that Vess told Trapp that he needed to get his daughter to the hospital to have medical tests performed. However, there is absolutely no other evidence that Vess indicated that he and his daughter were in peril or that he requested Trapp's assistance.[1]
There is no evidence indicating that Trapp, seeing what he perceived to be an emergency, offered to take Vess's daughter immediately to the hospital or telephoned for an ambulance. Instead, he went to get a truck that could pull the car from the ditch and then returned to the scene. On this record, we conclude that, as a matter of law, Trapp did not have a "reasonable belief that some person [was] in imminent peril" and he is not entitled to the application of the rescue doctrine.
 Conclusion
The trial court properly entered a summary judgment in favor of Vess and Cotton States. Trapp did not present sufficient evidence to create a genuine issue of material fact as to whether Trapp was a rescuer under the rescue doctrine. Even assuming that Trapp had a reasonable belief that Vess's daughter was in imminent peril, so as to qualify as a rescuer, there is no evidence indicating that Vess acted negligently and/or wantonly in causing his car to go into the ditch. Accordingly, we affirm the judgment in favor of Vess and Cotton States.
AFFIRMED.
Moore, C.J., and Houston, Johnstone, and Woodall, JJ., concur.
[1] There is a factual dispute as to whether Vess told Trapp that the situation was not an emergency. This is not a material fact in light of all of the other circumstantial evidence defeating Trapp's claim that he had a reasonable belief that Vess's daughter was in peril.